

U. S. DEPARTMENT OF JUSTICE

BETSY C. JIVIDEN
*United States Attorney*
*Northern District of West Virginia*

---

320 West Pike Street   Phone: (304) 623-7030
Suite 300   Fax:   (304) 623-7031
Clarksburg, WV 26301

May 14, 2010

**VIA EMAIL:**
Dwane Tinsley
Eckert Seamans Cherin & Mellott, LLC
PO Box 11070
Charleston, WV 25339-1070

In re:   *United States v. Thomas A. Zamow*
         Criminal No. 2:10CR137

FILED
NOV 17 2010
TERESA L. D... CLERK
Southern District of West Virginia

Dear Mr. Tinsley:

This will confirm conversations with you concerning your client, Thomas A. Zamow (hereinafter referred to as Mr. Zamow).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.   Mr. Zamow will waive his right to have his case presented to a grand jury and will plead guilty to a one-count Information charging him with attempt to evade or defeat tax, in violation of Title 26, United States Code, Section 7201.

2.   The maximum penalty to which Mr. Zamow will be exposed by virtue of his plea of guilty to tax evasion, as stated in paragraph 1 above, is imprisonment for a term of not more than five (5) years, a fine of not more than $100,000.00, a period of supervised release of three (3) years and the costs of his prosecution.   A mandatory assessment of $100.00 (18 U.S.C. §3013) applies to this count of conviction and must be paid before the date of sentencing by money order or

_____          5-20-10
Thomas A. Zamow                          Date Signed

_____          5-20-10
Dwane Tinsley                            Date Signed
Counsel for Mr. Zamow

Dwane Tinsley
May 14, 2010
Page 2

certified check, made payable to the United States District Court. It is understood that Mr. Zamow might be required by the Court to pay the costs of his incarceration.

      3.      Mr. Zamow will be completely forthright and truthful with federal officials in the Southern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Zamow will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office.

      4.      Nothing contained in any statement or any testimony given by Mr. Zamow, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Zamow in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Zamow's applicable advisory guideline range. Such information may be used by the Court, the probation office and the United States to support the United States' contention that the defendant's final guideline level, before any reductions for acceptance, is level 18. Furthermore, if, in the opinion of the United States Attorney's Office, the defendant breaches this plea agreement, then any statement by the defendant made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against the defendant without limitation. However, this agreement does not prevent Mr. Zamow from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Zamow for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

      5.      At final disposition, the United States will advise the Court of Mr. Zamow's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. If the Court accepts Mr. Zamow's guilty plea to the Information, the United States agrees not to pursue charges against Mr. Zamow for violations of Title 26, United States Code, Section 7206 occurring during other tax years from 2004 through 2008.

      6.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is <u>not</u> bound by

_____                                          _____
Thomas A. Zamow                                                        Date Signed

_____                                          _____
Dwane Tinsley                                                            Date Signed
Counsel for Mr. Zamow

Dwane Tinsley
May 14, 2010
Page 3

these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

      7.     Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level for timely acceptance of responsibility if this agreement is signed and returned to the United States Attorney's Office by 2:00 p.m. on May 21 2010; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

      8.     If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (j) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

      9.     Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that

    (a)    between January 1, 2004 and October 6, 2008, Mr. Zamow willfully attempted to evade or defeat any tax imposed by Title 26 and the payment thereof, to-wit: the reporting of and payment of income tax liabilities (including penalties and interest) for tax years 2004, 2005, 2006 and 2007;

    (b)    Mr. Zamow's income tax liability due and owing (not including interest and penalties) is at least $200,000 but less than $400,000, such that a Base Offense Level of 18 applies, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1; and

The Court is not bound by the above stipulation and is not required to accept the same. Mr. Zamow understands and agrees that should the Court not accept the above stipulation, Mr. Zamow will not have the right to withdraw his plea. Mr. Zamow also agrees to work with representatives of the Internal Revenue Service for the purpose of paying all tax penalties and interest determined to be

_____      5-20-10
Thomas A. Zamow                             Date Signed

_____      5-20-10
Dwane Tinsley                                   Date Signed
Counsel for Mr. Zamow

Dwane Tinsley
May 14, 2010
Page 4

due and owing to the fullest extent possible. For the purpose of complying with the provisions of this paragraph, the defendant will agree to the release of all tax-related information obtained by the United States Attorney's Office during the course of this investigation to civil representatives of the Internal Revenue Service.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Zamow's background criminal record, offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Zamow or his counsel.

11. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 26 of the United States Code for the offense of conviction.

12. The above paragraph notwithstanding, the defendant will retain his appellate rights and rights to collaterally attack his sentence only with respect to any sentence imposed using a base offense level 19 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below the aforementioned combined Guideline offense level. The United States will retain the right to appeal any sentence imposed.

13. The defendant authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access his credit report from any major credit reporting agency, in order to assess his financial condition for sentencing purposes.

14. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will

_____    _____
Thomas A. Zamow                    Date Signed  5-20-10

_____    _____
Dwane Tinsley                      Date Signed  5-20-10
Counsel for Mr. Zamow

Dwane Tinsley
May 14, 2010
Page 5

have the right to void this agreement.

      15.    The defendant agrees to waive the right to request or raise the issue of DNA testing in any post-conviction proceeding under 18 U.S.C. §3600 or in conjunction with any other collateral challenge to the conviction.

      16.    The above fifteen (15) paragraphs constitute the entire agreement between Mr. Zamow and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

                              Very truly yours,
                                ERIC H. HOLDER, JR.
                                UNITED STATES DEPARTMENT OF JUSTICE
                                ATTORNEY GENERAL

                                BETSY C. JIVIDEN
                                UNITED STATES ATTORNEY

                                */s/ Shawn Angus Morgan*
                                Shawn Angus Morgan
                                Special Assistant United States Attorney
                                5-21-2010

SAM/lrsl

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____                5-21-10
Thomas A. Zamow                                               Date Signed

_____                5-21-10
Dwane Tinsley                                                  Date Signed
Counsel for Mr. Zamow